## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONAH ZIVANAYI NYEMBA,         ) | |
|                            ) | |
|         **Petitioner,**     ) | |
|                            ) | |
| **vs.**                        ) | **Case No. CIV-06-772-HE** |
|                            ) | |
| **NURIA PRENDES, Field Office Director of**  ) | |
| **Immigration and Customs Enforcement; and**  ) | |
| **DEPARTMENT OF HOMELAND SECURITY,**  ) | |
|                            ) | |
|         **Respondents.**    ) | |

## REPORT AND RECOMMENDATION

Petitioner, appearing through counsel, has filed an "Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief," seeking declaratory and injunctive relief to prevent his removal to Zimbabwe by the Department of Homeland Security ("DHS").[1] The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondents filed a "Motion to Dismiss for Lack of Jurisdiction, Brief in Support and Answer ("MTD") [Doc. No. 7], and Petitioner has responded.[2] Thus, the matter is at issue.

---

[1]"On March 1, 2003, the Immigration and Naturalization Service ["INS"] ceased to exist as an independent agency within the Department of Justice, and its functions were transferred to the Department of Homeland Security." *United States v. Sandoval*, 390 F.3d 1294, 1296 n. 2 (10th Cir. 2004) (citing Homeland Security Act, Pub.L. [No.] 107-296 Sec. 471, 116 Stat. 2135 (Nov. 25, 2002), 6 U.S.C. § 291). Although the facts in this case involve the time period before and after the transfer of functions between the INS and the DHS, both parties refer to the relevant immigration agency as the DHS, and that is the reference cited for purposes of this Report and Recommendation.

[2]By orders dated July 21, 2006, the undersigned ordered Petitioner to file an amended petition alleging with particularity the dates of all relevant events, hearings, orders and filings referenced in the original petition and to attach as exhibits the documents he purported to incorporate by reference in his petition and directed Respondents to file an expedited response to the emergency petition. Doc. Nos. 4 and 5. On July 25, 2006, Respondents filed the motion to dismiss for lack of jurisdiction/answer. On the same date Petitioner filed an amended petition, containing the same legal arguments as the original petition but setting out more fully the facts and relevant dates concerning Petitioner's removal proceedings, with attached exhibits. Respondents thereafter filed a response to the amended emergency petition,
(continued...)

For the reasons stated below, the  undersigned recommends that to the extent Petitioner seeks this Court's review of his final administrative order of removal and his request for relief under the Convention Against Torture, Respondents' motion to dismiss for lack of jurisdiction be granted.  It is further recommended that to the extent Petitioner also challenges his continued detention pending deportation, such claim also be dismissed for lack of jurisdiction.

Background

The parties have not included the relevant agency documents, and therefore the following is a summary of the factual allegations and claims made in Petitioner's amended petition.  Petitioner describes himself as a native and citizen of Zimbabwe who legally entered the United States on December 16, 2001, pursuant to a nonimmigrant student visa.[3]  Amended Petition at 3.  Petitioner alleges that he applied for asylum when

---

[2](...continued)

incorporating the previous motion to dismiss, supplementing their argument, and again moving to dismiss the action for lack of subject matter jurisdiction, Doc. No. 10, and Petitioner replied to the response, Doc. No. 11.  For purposes of setting forth the facts relevant to the procedural history of this case, the undersigned has referred to the amended petition.

[3]The relevant statute in place at the time Petitioner entered the United States set forth the following terms for an alien admitted pursuant to a student visa:

> an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study consistent with section 1184(l) of this title at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in a language training program in the United States, particularly designated by him and approved by the Attorney General after consultation with the Secretary of Education, which institution or place of study shall have agreed to report to the Attorney General the termination of attendance of each nonimmigrant student, and if any such institution of learning or place of study fails to make reports promptly the approval shall be withdrawn . . . .

8 U.S.C. § 1101(a)(15)(F)(I) (2001).

(continued...)

he arrived in 2001 but did not receive a response regarding his application.  *Id.*  Petitioner

alleges that he again applied for asylum on April 29, 2005.  *Id.*  According to Petitioner,

on June 10, 2005, he received a notice of an asylum hearing to be held in Houston, Texas,

but he failed to appear at the hearing.  *Id.* at 4.

Petitioner admits that he violated the terms and conditions of his student visa.

Amended Petition at 4 (referring to an "overstay of his authorized period of stay").  He

further acknowledges that he received a notice to appear before an immigration judge for

administrative removal proceedings on August 3, 2005.  *Id.* at 3.  Petitioner states that he

failed to appear at the scheduled hearing, that he was ordered removed *in absentia* and

that he received a notice of the order of removal.  *Id.* at 3-4.[4]  Petitioner alleges that on

March 3, 2006, appearing through counsel, he filed a motion to reopen removal

proceedings[5] and an application for a stay of removal with the Executive Office for

<hr />

[3](...continued)

[4]Although neither party has submitted the relevant agency documents, the undersigned assumes
that Petitioner was charged as subject to removal under 8 U.S.C. § 1227(a)(1)(C)(i) (2001), for failing to
comply with the conditions of the non-immigrant status under which he was admitted.

[5]The relevant statute provides that:
   Any alien who, after written notice . . . has been provided to the alien or the alien's counsel
   of record, does not attend a proceeding under this section, shall be ordered removed *in
   absentia* if the Service establishes by clear, unequivocal, and convincing evidence that the
   written notice was so provided and that the alien is removable . . . .
8 U.S.C. § 1229a(b)(5)(A). An *in absentia* removal order may be rescinded only upon a motion to reopen
"filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to
appear was because of exceptional circumstances" or "filed at any time if the alien demonstrates that the
alien did not receive notice." 8 U.S.C. § 1229a(b)(5)(C)(i)(ii).  Additionally, the filing of a motion to reopen
pursuant to either of these provisions "shall stay the removal" of the alien pending disposition of the motion
by the immigration judge.  *Id.*
   Petitioner does not dispute Respondent's assertion that the purported motion to reopen, grounded
on his failure to appear at the removal proceeding due to exceptional circumstances, even assuming it was
filed in the immigration court, was untimely, as it was filed beyond the required 180-day period.  Further,
Petitioner does not base his motion to reopen, allegedly filed over 180 days following the removal order,
(continued...)

Immigration Review in Oklahoma City, Oklahoma, seeking an order rescinding his removal order on grounds that his failure to appear at the removal hearing was due to exceptional circumstances, that changed country conditions have arisen in Zimbabwe since the time of his removal hearing, and in the alternative, he should be granted voluntary departure. *Id.* at 4.[6] Petitioner further alleges that his motion to reopen has not yet been ruled upon. *Id.* at 6.[7]

Petitioner states that he was taken into the custody by the DHS (formerly the INS) on July 13, 2006, to effect his removal from the United States to Zimbabwe and that he is being held at the Oklahoma County Jail pending removal. He alleges generally that

---

[5](...continued)
on an allegation that he failed to receive effective notice of his removal hearing.

[6]Aliens with *in absentia* removal orders are barred from reopening their cases to apply for certain forms of discretionary relief within 10 years from the date of the final order of removal:

> Any alien against whom a final order of removal is entered *in absentia* under this subsection and who . . . was provided oral notice, either in the alien's native language or in another language the alien understands, of the time and place of the proceedings and of the consequences . . . of failing, other than because of exceptional circumstances . . . to attend a proceeding under this section, shall not be eligible for relief under [8 U.S.C. §§ 1229b, 1229c, 1255, 1258, or 1259] for a period of 10 years after the date of the entry of the final order of removal.

8 U.S.C. § 1229a(7).

[7]The record does not support Petitioner's assertion that he properly filed in the Oklahoma City Immigration Court a motion to reopen his *in absentia* removal proceeding. Petitioner attached to his amended petition copies of what purports to be a motion to reopen in Case A98-739-658, an application for a stay of removal, and a cancelled check made payable to the "Department of Homeland Security" – each dated February 28, 2006. Amended Petition, Exs. 1, 2 and 3. Respondent contends that pursuant to 8 C.F.R. § 103.7(a)(1), the payment of a fee to the immigration court does not constitute a "filing" of the motions with the appropriate immigration office and that "a search of the immigration court's computer and an oral conversation with staff of the immigration court failed to reveal any record of a Motion to Reopen being filed." Response to Amended Emergency Petition at 2. In reply, Petitioner alleges that "a document was submitted" and alleges without evidentiary support that "Mr. Nyemba also has the certified receipt from the Immigration Court." Petitioner's Reply at 4. However, Petitioner concedes that "[t]aken together, the facts indicate that the Petitioner's motions were lost or misplaced." *Id.* (also referring to an "apparent filing error"). As discussed *infra*, it is recommended that Petitioner's cause of action be dismissed for lack of jurisdiction, and therefore it is not necessary to determine whether Petitioner has a motion to reopen removal proceedings pending in the immigration court.

Respondents have violated his Fifth Amendment right to due process of law because Respondents have "depriv[ed] him of the ability to proceed with his application for asylum," which is "now pending before the Immigration Court in Oklahoma City and now being forwarded to the Board of Immigration Appeals ("BIA")." Amended Petition at 5-6. In the three of the four grounds for relief raised in the amended petition, Petitioner essentially alleges that the DHS has violated immigration law, its own procedures and the requirements of due process by failing to (a) stay his removal pending disposition of his motion to reopen; (b) address his allegation that he failed to appear at the removal hearing because of exceptional circumstances; and (c) release him on bail. *Id.* at 1-10. In his fourth and final ground for relief, Petitioner alleges that he is entitled to relief under the United Nations Convention Against Torture ("CAT"). *Id.* at 10-12. Petitioner asserts jurisdiction pursuant to 28 U.S.C. § 2241, the All Writs Act (28 U.S.C. § 1651), the Administrative Procedure Act ("APA") (5 U.S.C. §§ 701 *et seq.*), and the Declaratory Judgment Act (28 U.S.C. §§ 2201-2202). As relief, Petitioner requests that Respondents be enjoined from effecting his removal, from finding him ineligible for relief and from subjecting him to detention pending his removal from the United States. *Id.* at 1-2.

<u>Discussion</u>

Respondents contend that by this action Petitioner is seeking habeas review of his removal order and that pursuant to the REAL ID Act of 2005 the Tenth Circuit Court of Appeals has exclusive jurisdiction over Petitioner's claims. On this basis Respondents move to dismiss Petitioner's claims for lack of jurisdiction. "Federal courts are courts of

limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction. . . ." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). Thus, federal courts "presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States ex rel Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). For the following reasons, the undersigned finds that Petitioner has failed to meet his burden of establishing this Court's jurisdiction over the claims which challenge his final order of removal from the United States.

On May 11, 2005, the REAL ID Act of 2005 ("RIDA") was signed into law. Pub.L. No. 109-13, 119 Stat. 231. Codified at 8 U.S.C. § 1252(a)(5), Congress added the following jurisdictional provision:

> (5) EXCLUSIVE MEANS OF REVIEW.--Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act.

Based on this amendment, the Tenth Circuit has held that "district courts no longer have jurisdiction over habeas petitions challenging orders of removal." *Schmitt v. Maurer*, 451 F.3d 1092, 1093 (10th Cir. 2006). Rather, "[t]his section makes a petition for review the sole means of review of an order of removal issued under the [Immigration and Nationality Act], and specifically excludes review under the habeas statutes." *Hem v. Maurer*, 458 F.3d 1185, 1188 n.3 (10th Cir. 2006). Additionally, the RIDA provides the

6

courts of appeals shall have exclusive jurisdiction to adjudicate removal challenges brought under the CAT. *See* 8 U.S.C. § 1252(a)(4). "The [RIDA] applies to 'cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division.'" *Hem*, 458 F.3d at 1188 n.3 (quoting 8 U.S.C. § 1252).

Petitioner states that he received a "Referral Notice dated June 15, 2005," notifying him that he had been referred to the immigration court for removal proceedings, and that he was ordered removed on August 3, 2005 – both events occurring after the effective date of the RIDA. The due process claims raised by Petitioner clearly challenge his order of removal. Specifically, Petitioner alleges that his due process rights were violated when the DHS failed to follow its own procedures with respect to staying the execution of his removal order and the adjudication of his motion to reopen and asylum petition. Amended Petition at 7-9. Petitioner further contends that, as argued in his motion to reopen, he is eligible for relief under the CAT. *Id.* at 10-12. The substance of such claims challenge the decision and procedures of the immigration court relating to the agency's decision to remove Petitioner from the United States. The RIDA expressly eliminates habeas jurisdiction over Petitioner's due process challenges to his final order of removal

or his CAT claim.[8]  Accordingly, it is recommended that Respondent's motion to dismiss

be granted with respect to Petitioner's due process claims.[9]

<u>Detention Challenge</u>

Though the thrust of the petition is a challenge to the validity of the removal order,

Petitioner also indicates that he is challenging his continued detention without bail.

Amended Petition at 10. Although Petitioner admits that the provisions of the RIDA

restricts the forum in which challenges to the underlying removal order itself may be

brought, he contends, based on legal authority from other jurisdictions, that the RIDA

does not preclude an alien's challenge to the legality of his detention through a petition

for habeas corpus.  Petitioner's Reply [Doc. No. 11] at 1-2.

The Tenth Circuit recently held that even though the RIDA "eliminates a district

court's jurisdiction over habeas petitions challenging final orders of removal . . . the

---

[8]Likewise, Petitioner's other asserted bases for jurisdiction over this action fail.  As previously discussed, the RIDA specifically eliminates habeas jurisdiction pursuant to 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651 with respect to Petitioner's challenges to his removal order and his claim under the CAT.  8 U.S.C. §§ 1252(a)(4), 1252(a)(5). Petitioner also invokes federal question jurisdiction under 28 U.S.C. § 1331, which confers federal jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States."  However, this general jurisdictional statute provides no independent basis for this immigration action, and as discussed, Petitioner has failed to sufficiently allege a statutory or constitutional provision under which his claims may be reviewed by this Court.  Petitioner also indicates that the Court may grant relief pursuant to 28 U.S.C. § 2201.  However, the Declaratory Judgment Act "does not extend the jurisdiction of federal courts" but "only enlarges the range of remedies available," and thus, the "[p]ower to issue declaratory judgments must lie in some independent basis of jurisdiction." *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)). Similarly, the APA "is not an independent grant of jurisdiction to review agency action." *Wyoming v. United States*, 279 F.3d 1214, 1236 (10th Cir. 2002) (citing *Califano v. Sanders*, 430 U.S. 99, 107 (1977)). As discussed, the RIDA amended the federal immigration statutes to preclude this Court's review of Petitioner's challenge of his removal order and his request for relief under the CAT, and thus no independent basis of jurisdiction exists.

[9]Because this matter was not "pending" on May 11, 2005, the date the RIDA was enacted, this Court does not have the authority to transfer Petitioner's challenge of the final order of removal to the Tenth Circuit Court of Appeals to be converted to a petition for review under 8 U.S.C. § 1252(a).  *See Schmitt*, 451 F.3d at 1094-95.

[RIDA] did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (citing *Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005)). *See also Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) ("By its terms, the jurisdiction-stripping provision [of the RIDA] does not apply to federal habeas corpus petitions that do not involve final orders of removal."); *Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005) (holding that the RIDA did not preclude district court's habeas review of petitioner's claim that the length of his detention violated *Clark v. Martinez*, 543 U.S. 371 (2005), because the claim concerned "only the petitioner's detention rather than his removal"; collecting cases); *Bonhometre v. Gonzales*, 414 F.3d 442, 445 n.4 (3d Cir. 2005) (recognizing that the RIDA did not eliminate district court habeas jurisdiction over challenges to detention that are independent of challenges to removal orders) (citing H.R. Conf. Rep. No. 109-72, at 175 (2005)); *Baez v. ICE*, 150 Fed.Appx. 311, 312 (5th Cir. 2005) (noting that jurisdiction was proper over habeas challenge to detention of alien ordered removed) (unpublished decision); *Moallin v. Cangemi*, 427 F.Supp.2d 908, 920-21 (D.Minn. 2006) (finding that RIDA did not remove district court's jurisdiction to entertain criminal alien's habeas petition challenging the lawfulness of his continued detention pending his removal).

However, several courts have found that if the purported detention challenge is, in reality, a challenge to removal, the federal district court has no jurisdiction. *See DeBarreto v. Immigration and Naturalization Service*, 427 F.Supp.2d 51, 57 (D.Conn. 2006) (finding petitioner's challenge to the execution of her removal order which was the

basis for her detention was not an independent challenge of her detention); *Badereddine v. Chertoff*, No. Civ.A. 06-1482, 2006 WL 932348, at *2 (D.N.J. April 10, 2006) (finding petitioner's challenge to his detention, alleging that the removal order violated the Fifth Amendment right to due process, was in effect a collateral attack on the removal order and was therefore not independent of the removal order) (unpublished decision); *Adebayo v. Gonzales*, No. 06 C 1026, 2006 WL 642628 (N.D. Ill. March 7, 2006) (finding the federal court had no jurisdiction over a habeas detention challenge where petitioner filed a motion to reopen with immigration officials and also a habeas petition alleging that his detention was unlawful because it was premised on an invalid removal order) (unpublished decision); *Kanteh v. Ridge*, No. Civ. 05-313 DWF/AJB, 2005 WL 1719217, at *2 & n. 32 (D.Minn. June 30, 2005) (recommending that petitioner's claim that his detention violated due process be dismissed because it "[arose] out of the removal proceedings" but claim that the length of his detention violated *Clark* be retained), report and recommendation adopted, No. Civ. 05-313 DWF/AJB, 2005 WL 1705526, at *1 (D.Minn. July 19, 2005) (unpublished decision).

Petitioner's detention challenge falls into a category over which this Court has no jurisdiction because he fails to allege relevant facts that challenge his detention independently of his removal. Petitioner does not contend, for example, that the statute pursuant to which he is being detained is unconstitutional,[10] that he has requested and

---

[10]Petitioner, who is a noncriminal alien, states that he was taken into DHS custody pursuant to the order of removal on July 13, 2006, and he filed this action on July 19, 2006. Although neither party has identified the statutory provision under which Petitioner is presently being detained, the undersigned notes that 8 U.S.C. § 1231 addresses the detention and removal of aliens ordered removed where no stay is in effect. Under § 1231, the government may detain an alien subject to a final order of removal. Section (continued...)

been denied bail or release from detention from immigration officials, that the length of his detention is unreasonable[11] or that the conditions of his confinement are inhumane. Rather, he claims that "the facts warrant the release of Mr. Nyemba at the very least on reasonable bail." *See* Amended Petition at 10.  Petitioner supports his claim of illegal detention by arguing that he is "being held unlawfully" because immigration officials "failed to adjudicate either his 2001 petition or his motion to reopen." Petitioner's Reply at 2.  He  set forth the same arguments raised in his alleged motion to reopen as to reasons why  he was unable to attend the August 3, 2005, removal hearing and why these facts constitute "exceptional circumstances" warranting the reopening of his removal proceeding.  *Id.* at 3-4.   In essence, any judicial review of the issues raised in Petitioner's claim of illegal detention would involve not only a review of the arguments and proceedings before the immigration court but also a review of the procedures and the decision in ordering Petitioner removed to Zimbabwe.  In other words, Petitioner's illegal

---

[10](...continued)
1231(a)(6) provides, in pertinent part:
> An alien ordered removed [1] who is inadmissible . . . [2][or] removable [as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy] or [3] who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to [certain] terms of supervision . . . .

8 U.S.C. § 1231(a)(6).

[11]The record is absent any information concerning the date Petitioner may be removed from the United States to Zimbabwe.  In *Zadvydas v Davis*, 533 U.S. 678, 689 (2001) the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to limit post-removal order detention to a period reasonably necessary to bring about the alien's removal, generally no more than six months.  After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Petitioner has made no allegation or showing whatever that there is "no significant likelihood of removal in the reasonably foreseeable future."  *Id.*

detention claim is not an independent challenge of his detention, but rather is just another attempt to challenge his *in absentia* order of removal.

Thus, the undersigned finds that to the extent Petitioner challenges his continuing detention by the DHS pending the execution of the final order of removal issued against him, such detention challenge is not independent of Petitioner's removal challenge. Therefore, the undersigned finds that the Court does not have habeas jurisdiction over Petitioner's alleged claim of illegal detention.  Accordingly, it is recommended that Petitioner's illegal detention claim be dismissed for lack of jurisdiction.

RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that to the extent Petitioner challenges his final order of removal, Respondent's motion to dismiss for lack of jurisdiction pursuant to the RIDA [Doc. No. 7] be granted and the "Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" and the "Amended Emergency Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief" be dismissed without prejudice.[12]  It is further recommended that to the extent the cause of action may be construed as challenging Petitioner's continued detention, such claim be dismissed for lack of jurisdiction.  Petitioner is advised of his right to object to this Report and Recommendation by the 20th day of October, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner must file any objections with the Clerk of this

---

[12]Because dismissal for lack of subject-matter jurisdiction is not an adjudication on the merits, the dismissal should be without prejudice.  *See Clymore v. United States*, 164 F.3d 569, 571 (10th Cir. 1999) (stating that the district court should have dismissed the claims without prejudice because subject-matter jurisdiction was absent).

Court.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 29th day of September, 2006.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE